UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILSON PAUL,**

    **Plaintiff,**

v.                                    Case No.

**GOPHER RESOURCE, LLC,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Wilson Paul** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Gopher Resource, LLC,** ("Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA," Fla. Stat. §760.01 *et seq.*).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e et seq.

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

### PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

### GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

11. At all times material hereto, Plaintiff was a protected employee under the FCRA and Title VII.

12. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

13. Plaintiff was employed by Defendant from on or around May 23, 2011, until his unlawful termination on or around April 22, 2025.

14. At the time of his termination, Plaintiff held the position of Operational Trainer.

15. As Defendant is aware, Plaintiff is a Black male of Haitian national origin.

16. At all times, Plaintiff was qualified for his position and worked in a satisfactory manner, as evidenced by his lengthy tenure.

17. In or around 2024, Plaintiff began reporting to a new Hispanic supervisor who engaged in discriminatory conduct, including using racial and ethnic slurs towards Plaintiff because he "looked different" and was not Hispanic.

18. The supervisor routinely gave preferential treatment to Hispanic employees, including allowing them to sleep on the job without consequence, while holding Plaintiff to a stricter standard. Plaintiff's Hispanic colleagues held the same job title and reported to the same

supervisor, yet were not disciplined for the conduct that Plaintiff would be disciplined for engaging in.

19. Throughout his 14-year tenure, Plaintiff had never been written up, reprimanded, or disciplined in any way. This all changed when Plaintiff began reporting to the new Hispanic supervisor.

20. Plaintiff repeatedly requested a copy of his job description from his supervisor to ensure alignment on his role and responsibilities, but Defendant refused to provide it to him.

21. Plaintiff's supervisor regularly assigned Plaintiff duties outside the scope of his position, including being required to work and train across four different departments and to provide emergency first aid services typically performed by outside contractors.

22. Plaintiff's similarly situated, non-Black, non-Haitian colleagues were never forced to work outside of their job duties.

23. Plaintiff's similarly situated, non-Black, non-Haitian colleagues were not disciplined for things like sleeping on the job, but Plaintiff was reprimanded for much less egregious issues.

24. In or around March 2025, Plaintiff engaged in protected activity when he emailed a complaint that he felt he was being targeted due to his race and national origin and was being treated less favorably than his similarly situated colleagues.

25. Defendant failed to take any remedial action in response to Plaintiff's protected complaint.

26. Instead, roughly one month after his complaint, Defendant terminated Plaintiff's employment on or about April 22, 2025.

27. Defendant terminated Plaintiff's employment in direct retaliation to his protected activity under Title VII and the FCRA.

28. Plaintiff was clearly subject to materially adverse employment action by Defendant.

29. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII and the FCRA.

30. It is clear that Defendant treated Plaintiff in a disparate manner than his similarly situated colleagues with regard to how company policies are applied.

31. Defendant failed to provide Plaintiff with any lawful reason for his termination.

## COUNT I —TITLE VII VIOLATION
### (RACE DISCRIMINATION)

32. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. Plaintiff is a member of a protected class under Title VII due to his race.

34. Plaintiff was subjected to disparate treatment.

35. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

36. Defendant's actions were willful and done with malice.

37. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    (a) A jury trial on all issues so triable;

    (b) That process issues and that this Court take jurisdiction over the case;

    (c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT II —TITLE VII VIOLATION
## (NATIONAL ORIGIN DISCRIMINATION)

38. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 31 of this Complaint as though fully set forth herein.

39. Plaintiff is a member of a protected class under Title VII due to his national origin.

40. Plaintiff was subjected to disparate treatment.

41. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT III — TITLE VII RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 31 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under Title VII due to his race and national origin.

46. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

47. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

48. Defendant has taken material adverse action against Plaintiff.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff in violation of Title VII;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION (RACE DISCRIMINATION)

51. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

52. Plaintiff is a member of a protected class under the FCRA due to his race.

53. Plaintiff was subjected to disparate treatment.

54. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

55. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    (a)    Enter a judgment that Defendant discriminated against Plaintiff due to Plaintiff's race;

    (b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c)    Award back pay to Plaintiff plus interest and all benefits;

    (d)    Award reasonable attorney's fees and costs to Plaintiff; and

    (e)    Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT V – FCRA VIOLATION (NATIONAL ORIGIN DISCRIMINATION)

56.    Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

57.    Plaintiff is a member of a protected class under the FCRA due to his national origin.

58.    Plaintiff was subjected to disparate treatment.

59.    Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

60.    Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

    (a)    Enter a judgment that Defendant discriminated against Plaintiff based on his national origin;

    (b)    Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c)    Award back pay to Plaintiff plus interest and all benefits;

    (d)    Award reasonable attorney's fees and costs to Plaintiff; and

(e) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT VI – FCRA RETALIATION

61. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 31 of this Complaint as though fully set forth herein.

62. Plaintiff is a member of a protected class under the FCRA due to his race and national origin.

63. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

64. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

65. Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(f) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(g) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(h) Award back pay to Plaintiff plus interest and all benefits;

(i) Award reasonable attorney's fees and costs to Plaintiff; and

(j) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 17th day of February 2026.

        Respectfully submitted,

        */s/ Chad A. Justice*
        **CHAD A. JUSTICE**
        Florida Bar Number: 121559
        **SAMUEL DOXSEE**
        Florida Bar Number: 127318
        **JUSTICE LITIGATION ASSOCIATES, PLLC**
        1205 N Franklin St
        Suite 326
        Tampa, Florida 33602
        Direct No. 813-566-0550
        Facsimile: 813-566-0770
        E-mail: sam@justicelitigation.law
        E-mail: chad@justicelitigation.law
        **Attorneys for Plaintiff**